JOHN S. LEONARDO
United States Attorney
District of Arizona
WALLACE H. KLEINDIENST
LYNNETTE C. KIMMINS
Assistant U.S. Attorney
State Bar No. 014456
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: wallace.kleindienst@usdoj.gov
lynnette.kimmins@usdoj.gov
Attorneys for Plaintiff

FILED____LODGED
____RECEIVED____COPY

2016 JAN 20 P 2:34

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

CR16- 153 TUC JGZ(BP)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | I N D I C T M E N T |
|---|---|
| Plaintiff, | Violations: |
| vs. | 18 U.S.C. § 1001<br>False Documents<br>(Felony)<br>(Counts 1-2) |
| Patrick Remigio, | |
| Defendant. | 18 U.S.C. §1343<br>Wire Fraud<br>(Felony)<br>(Counts 3-10) |
| | 18 U.S.C. § 981(a)(1)(C),<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegation) |

THE GRAND JURY CHARGES:

## COUNTS 1 THROUGH 10
## INTRODUCTORY ALLEGATIONS

At all times material to the Indictment:

1. The Labor-Management Reporting and Disclosure Act (LMRDA) of 1959 and the Civil Service Reform Act (CSRA) of 1978 cover all unions and organizations with private sector employees, federal employees, and postal service

employees. The United States Department of Labor's (DOL) Office of Labor-Management Standards (OLMS) has enforcement authority regarding these Acts. The Acts require unions to submit annual financial reports (LM Reports) to DOL OLMS in order to ensure fiscal integrity. DOL OLMS has a legal duty to collect and publish those LM reports.

2. American Federation of Government Employees (AFGE) Local 2859 represents about 130 members in Arizona and Nevada, who work in the Department of Homeland Security (DHS), Enforcement and Removal Operations (ERO), and Citizenship and Immigration Services (CIS). AFGE Local 2859 is subject to DOL OLMS financial reporting requirements.

3. On March 7, 2008, AFGE Local 2859 approved By-Laws which were signed, finalized, and adopted by PATRICK REMIGIO as President on behalf of AFGE Local 2859.

    a. According to Section 9 of the By-Laws, the Executive Board of AFGE Local 2859 consists of a President, Nevada Vice-President, Arizona Vice-President, Secretary/Treasurer, Sergeant at Arms, and Chief Steward.

    b. According to Section 10 of the By-Laws, the President and the Treasurer can appoint, in writing, another officer within the Executive Board as an authorized check signer in the absence of either the Treasurer or the President.

    c. According to Section 18 of the By-Laws, Union operational expenses authorized by the Union will be reimbursed upon presentation of a receipt [i.e. voucher]. Reimbursement of travel expenses will be in accordance with standards in the Administrative Manual governing official government travel. Expenditures by the Executive Board in excess of $500.00 per month must have prior approval of AFGE Local members either as authorized by the budget approved by AFGE Local or by separate vote of AFGE Local members. All expenditures authorized by the Executive Board will be reported in writing at the next regular meeting of the Local. Upon

request, a copy of such report will be made available to any member in good standing of the Local.

    d.    According to Section 24 of the By-Laws, the President, and the Treasurer shall be authorized the use of a credit card for preauthorized purposes such as a hotel room, air travel, ground travel, and any similar purchases, and/or may be authorized other preauthorized purchases through preauthorization by vote of the membership and/or the Executive Board or where the Local By-Laws, the Local Constitution, and/or the National Constitution authorize preauthorization of such expenditures.

    4.    PATRICK REMIGIO was President of AFGE Local 2859 from an unknown date in 2007 until September 2013. PATRICK REMIGIO was the AFGE Local 2859 Arizona Vice-President from 2005 to 2007.

    5.    PATRICK REMIGIO concurrently served as President and acting Treasurer of AFGE Local 2859 from on or about January or February 2010 until September 2013. REMIGIO was removed as an Officer of AFGE Local 2859 on September 6, 2013.

    6.    As President and acting Treasurer, from on or about January or February 2010 until September 2013, PATRICK REMIGIO had sole signatory and fiduciary access and responsibility over the checking and savings bank accounts holding the funds of AFGE Local 2859.

    7.    As President and acting Treasurer, from on or about January or February 2010 until September 2013, PATRICK REMIGIO was the only officer who had signatory and use authority for the credit card issued to AFGE Local 2859.

    8.    As President and acting Treasurer, from on or about January or February 2010 until September 2013, PATRICK REMIGIO was the only officer who had signatory and use authority for the debit card issued to AFGE Local 2859.

9. Prior to becoming President and acting Treasurer, PATRICK REMIGIO received reimbursement for union expenses utilizing receipts and/or vouchers, and was aware of union reimbursement procedures.

10. After becoming President and/or acting Treasurer, PATRICK REMIGIO would authorize the payment of funds to other union members only after receiving and signing off on their vouchers and receipts.

11. Unions subject to reporting requirements of the LMRDA and/or CSRA must file annual financial reports with DOL OLMS. Based on AFGE Local 2859's total annual receipts (i.e., $10,000 or more, but less than $250,000) AFGE Local was required to file an annual financial report known as a LM-3 Report, and could opt to file electronically or by hard copy.

12. The LM-3 Report is signed by the President and Treasurer and submitted to the United States Department of Labor, Office of Labor Management Standards (DOL OLMS), Washington D.C., which is an agency within the executive branch of the Government of the United States.

13. As President and acting Treasurer, PATRICK REMIGIO was responsible for signing and filing LM-3 Reports on behalf of AFGE Local 2859.

14. In November 2007, PATRICK REMIGIO received AFGE Financial Officer's Training which included manuals, resource guides, information, instructions, guidance, websites, contact information, and answers to questions about complying with the reporting, recordkeeping and document retention requirements, filing of LM Reports (including sample forms), and other requirements under the LMRDA and CSRA, as well as duties and responsibilities as a president, treasurer and financial officer.

15. DOL OLMS public website provides guidance, information, instructions, and answers to questions about complying with the reporting, recordkeeping and document retention requirements, filing LM Reports and other requirements under the LMRDA and CSRA.

16. In addition, DOL OLMS staff is available to assist and answer questions. In fact, at various times from July 2010 through October 2012, DOL OLMS Investigator Thomas Hayes through emails, provided guidance, information, instructions and websites to PATRICK REMIGIO regarding the filing of LM-3 Reports for fiscal years 2010 and 2011 (which were delinquent).

17. DOL OLMS' manuals, resource guide, and public website provide information about the consequences for a Local Officer's breach of fiduciary responsibility including being held personally liable for losses sustained, and potential civil and criminal penalties for willfully failing to comply with these Acts.

18. According to DOL OLMS, as President and Treasurer, and as the individual required to sign and file a LM Report for AFGE Local 2859, PATRICK REMIGIO was responsible for maintaining records which would provide in sufficient detail the information and data necessary to verify the accuracy and completeness of the LM Report. These records must be kept for at least five years after the date the report is filed. Any record necessary to verify, explain or clarify the report must be retained, including but not limited to, vouchers, worksheets, receipts, applicable resolutions, and any electronic documents including recordkeeping software, used to complete, read, and file the report.

19. During the period PATRICK REMIGIO was President and SIEA Juan Martinez was Treasurer of AFGE 2859, the DOL Union Reporting History and LM-3 Reports for AFGE Local 2859 showed the following recorded amounts:

| Year | Total Assets | Total Receipts | Total Disbursements |
|---|---|---|---|
| 2008 | $22,075 | $46,213 | $29,248 |
| 2009 | $39,881 | $45,958 | $28,152 |

20. During the time PATRICK REMIGIO was both President and acting Treasurer, the DOL Union Reporting History and LM-3 Reports for AFGE Local 2859 showed the following recorded amounts:

| Year | Total Assets | Total Receipts | Total Disbursements |
|---|---|---|---|
| 2010 | $11,394 | $41,277 | $72,156 |
| 2011 | $12,135 | $69,350 | $67,732 |
| 2012 | $ 5,353 | $58,894 | $64,187 |
| 2013 | $13,694 | $58,469 | $50,090 |

21. After PATRICK REMIGIO was removed as President of AFGE 2859, the DOL Union Reporting History and LM-3 Reports for AFGE Local 2859 showed the following record amounts:

| Year | Total Assets | Total Receipts | Total Disbursements |
|---|---|---|---|
| 2014 | $30,929 | $48,584 | $31,844 |

PURPOSE OF THE SCHEME

22. From on or about January or February 2010 through September 2013, in the District of Arizona and elsewhere, the Defendant PATRICK REMIGIO, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud the AFGE Local 2859, and obtain money by material false and fraudulent pretenses, representations, and promises. PATRICK REMIGIO used funds from the AFGE Local 2859 bank accounts and credit and debit card(s) contrary to the By-Laws, governing provisions and fiscal policies and procedures of the Union, contrary to AFGE Local 2859's past practices, and for his personal benefit, knowing that he was not entitled to such benefit of monies, and submitted false LM-3 Reports to conceal his fraudulent activities.

## SCHEME AND ARTIFICE TO DEFRAUD

23. It was part of the scheme and artifice to defraud and obtain money that PATRICK REMIGIO as President and acting Treasurer with sole authority over all AFGE Wells Fargo accounts made money withdrawals and transfers into his personal accounts without proper vouchers, receipts, accounting, or approval of the AFGE Local 2859 Executive Board.

24. It was further part of the scheme and artifice to defraud and obtain money that from on or about July 29, 2013 through September 10, 2013, PATRICK REMIGIO made numerous electronic online transfers from an AFGE Wells Fargo account to REMIGIO's own personal Wells Fargo account, claiming work on CIS bargaining, when in fact such CIS bargaining work was not done.

25. It was further part of the scheme and artifice to defraud that PATRICK REMIGIO received the following payments in relation to the total payments from the AFGE Local 2859 Checking Account:

| Date | Payments to Remigio | Total payments from AFGE Local 2859 |
|---|---|---|
| 2008 | $ 17,428.16 | $ 29,247.10 |
| 2009 | $ 13,010.98 | $ 28,151.29 |
| 2010 | $ 44,673.78 | $ 88,193.30 |
| 2011 | $ 48,795.98 | $ 72,543.27 |
| 2012 | $ 54,067.31 | $ 70,975.54 |
| 2013* | $ 32,906.70 | $ 45,129.08 |
|  | $210,882.91 | $334,239.58 |

*through 09/30/2013

26. It was further part of the scheme and artifice to defraud that from on or about January or February 2010 through September 2013, PATRICK REMIGIO used funds from the AFGE Local 2859 bank accounts and the AFGE Local 2859 credit and debit card(s) contrary to the By-Laws, governing provisions and fiscal policies and procedures of Local 2859, contrary to AFGE Local 2859's past practices, and for his personal benefit.

27.  It was further part of the scheme and artifice to defraud that a review of AFGE Local 2859 bank statements, including cash and ATM withdrawals and transfers to PATRICK REMIGIO's personal accounts, as well as various checks and credit card transactions, show a total loss to AFGE Local 2859 of up to $200,000.00 for a time period between January 1, 2010 and September 30, 2013.

28.  It was further part of the scheme and artifice to defraud that PATRICK REMIGIO submitted a false LM-3 Report for the period from 01/01/10 through 12/31/10 to the Department of Labor, knowing the same to contain materially false, fictitious and fraudulent statements and entry with respect to Cash Receipts, Cash Disbursements, and Allowance and Other Disbursements to President PATRICK REMIGIO.

29.  It was further part of the scheme and artifice to defraud that PATRICK REMIGIO submitted a false LM-3 Report for the period from 01/01/11 through 12/31/11 to the Department of Labor, knowing the same to contain materially false, fictitious and fraudulent statements and entry with respect to Cash Receipts, Cash Disbursements, and Allowance and Other Disbursements to President PATRICK REMIGIO.

### WIRE COMMUNICATIONS

30.  All the online transfers from the AFGE Wells Fargo bank account to PATRICK REMIGIO's Wells Fargo bank account were completed via electronic means.

### INCORPORATION CLAUSE

The paragraphs "1" through "30" as set forth in the Introductory Allegations are incorporated by reference herein into each and every Count in the Indictment.

## COUNT 1
## FALSE DOCUMENTS
## 18 U.S.C. § 1001

On or about the 4th day of February, 2012, the defendant, PATRICK REMIGIO, at or near Tucson in the District of Arizona, knowingly and willfully made and used a false writing and document, in a matter within the jurisdiction of the Department of Labor (DOL), an agency within the executive branch of the Government of the United States, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, by indicating in Statement B–Receipts and Disbursements of FORM LM-3 LABOR ORGANIZATION ANNUAL REPORT for the period from 01/01/10 through 12/31/10 (LM-3 2010 Report) submitted to DOL, Cash Receipts in a total amount of $41,277 when in fact the actual amount was approximately $46,659, and Cash Disbursements in a total amount of $72,156 when in fact the actual amount was approximately $77,537; and, by indicating in Item 24–All Officers and Disbursements to Officers of the LM-3 2010 Report submitted to DOL, an Allowance and Other Disbursements to President PATRICK REMIGIO in the total amount of $15,517 when in fact the actual amount was approximately $34,924.

All in violation of 18 U.S.C. § 1001.

## COUNT 2
## FALSE DOCUMENTS
## 18 U.S.C. § 1001

On or about the 29th day of October, 2012, the defendant, PATRICK REMIGIO, at or near Tucson in the District of Arizona, knowingly and willfully made and used a false writing and document, in a matter within the jurisdiction of the Department of Labor (DOL), an agency within the executive branch of the Government of the United States, knowing the same to contain a materially false, fictitious, and fraudulent statements and entry, by indicating in Statement B–Receipts and Disbursements of FORM LM-3 LABOR ORGANIZATION ANNUAL REPORT for the period from 01/01/11 through 12/31/11 (LM-3 2011 Report) submitted to DOL, Cash Receipts in a total amount of $69,350 when in fact the actual amount was approximately $72,797, and

Cash Disbursements in a total amount of $67,732 when in fact the actual amount was approximately $71,179; and, by indicating in Item 24–All Officers and Disbursements to Officers of the LM-3 2011 Report submitted to DOL, an Allowance and Other Disbursements to President PATRICK REMIGIO, in the total amount of $16,225 when in the fact the actual amount was approximately $44,218.

All in violation of 18 U.S.C. § 1001.

## COUNTS 3 THROUGH 10
## WIRE FRAUD
## 18 U.S.C. § 1343

The allegations in paragraphs "1" through "30" are re-alleged in Counts 3 through 10, as though fully set forth therein.

On or about the dates listed below, at or near Tucson, in the District of Arizona and elsewhere, the defendant, PATRICK REMIGIO, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud AFGE Local 2859, and to obtain money and property by false and fraudulent pretenses, representations, and promises, and knowingly caused to be transmitted the following writings, signs, signals, pictures, and sounds by means of wire communications in interstate commerce for the purpose of executing the described-above scheme and artifice to defraud and obtain money:

| Count | Description |
|---|---|
| 3 | July 29, 2013 electronic Online Transfer of $280.75 from an AFGE Wells Fargo account to the personal Wells Fargo account of Defendant PATRICK REMIGIO. |
| 4 | August 5, 2013 electronic Online Transfer of $209.75 from an AFGE Wells Fargo account to the personal Wells Fargo account of Defendant PATRICK REMIGIO. |
| 5 | August 6, 2013 electronic Online Transfer of $290.75 from an AFGE Wells Fargo account to the personal Wells Fargo account of Defendant PATRICK REMIGIO. |
| 6 | August 9, 2013 electronic Online Transfer of $290.75 from an AFGE Wells Fargo account to the personal Wells Fargo account of Defendant PATRICK REMIGIO. |

| Count | Description |
|---|---|
| 7 | August 14, 2013 electronic Online Transfer of $290.75 from an AFGE Wells Fargo account to the personal Wells Fargo account of Defendant PATRICK REMIGIO. |
| 8 | August 16, 2013 electronic Online Transfer of $290.75 from an AFGE Wells Fargo account to the personal Wells Fargo account of Defendant PATRICK REMIGIO. |
| 9 | September 9, 2013 electronic Online Transfer of $209.75 from an AFGE Wells Fargo account to the personal Wells Fargo account of Defendant PATRICK REMIGIO. |
| 10 | September 10, 2013 electronic Online Transfer of $231.00 from an AFGE Wells Fargo account to the personal Wells Fargo account of Defendant PATRICK REMIGIO. |

All in violation of 18 U.S.C. § 1343.

## FORFEITURE ALLEGATION

Upon conviction of the offenses set forth in Counts Three through Ten of this Indictment, the defendant, PATRICK REMIGIO, shall forfeit to the United States of America, pursuant to:

a)   Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1343.

b)   A sum of money equal to the amount of proceeds obtained as a result of the offenses.

If any of the property described above, as a result of any act or omission of the defendant:   (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek

1  forfeiture of any other property of said defendant up to the value of the above forfeitable
2  property, including, but not limited to, all property, both real and personal, owned by the
3  defendant.
4      All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28,
5  United States Code, Section 2461(c), and Rule 32.2(a), Federal Rules of Criminal
6  Procedure.

A TRUE BILL
/ S /
_____
Presiding Juror

JOHN S. LEONARDO
United States Attorney
District of Arizona

/ S /
Assistant U.S. Attorney
Dated: January 20, 2016

REDACTED FOR
PUBLIC DISCLOSURE